**Marlone Cardenio MESINA, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–71857.
Agency No. A70–960–432.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

Marlone Cardenio Mesina, pro se, Los Angeles, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Michael J. Dougherty, Office of Immigration Litigation, William Campbell Erb, Jr., Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Marlone Cardenio Mesina, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Mesina testified that he received several threatening telephone calls from communists who called him a traitor because he refused to support their candidate and warned him to "watch his back." Mesina testified that he fears returning to the Philippines where communists are still active, though he also testified that his father remained politically active without harm from communists.

Substantial evidence supports the IJ's conclusion that the threats do not, without more, rise to the level of persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (holding that unfulfilled threats standing alone do not constitute past persecution), and that Mesina failed to demonstrate an objective basis for fearing future persecution, *see Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001) (noting that an applicant's fear of future persecution is weakened when similarly-situated family members continue to live in the country without incident).

Mesina, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Mesina's contention that the BIA provided a cursory review of the IJ's decision is foreclosed by *Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003).

We lack jurisdiction to consider Mesina's contention that the BIA erred in failing to adjust his status because he failed to raise this issue before the BIA. *See Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000) (failure to raise an argument before the BIA deprives this court of jurisdiction).

Mesina's contentions that the IJ made an adverse credibility finding and failed to consider all of the evidence are not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.